JAY K. GOLDBERG [JG-1294]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York  10018
212-766-3366

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------------X    **12 CIV 9394 (SAS)**

LAWRENCE FRYDMAN,

                                Plaintiff,    **COMPLAINT**

               - against -    **PLAINTIFF**
**DEMANDS A**
**TRIAL BY JURY**

CITY OF NEW YORK, POLICE OFFICER YUBELCA    **ECF CASE**
FERNANDEZ, SHIELD 23828, POLICE OFFICER JOHN DOE,
POLICE SERGEANT DOE, PLAINCLOTHES OFFICER DOE,
SUPERVISING OFFICER DOE,

                                Defendants.
-------------------------------------------------------------------------------X

## PARTIES, JURISDICTION and VENUE

1.     Plaintiff, LAWRENCE FRYDMAN, is a 27 year old male, who, at all times relevant to this action, was a resident of New Jersey.

2.     Defendant, City of New York ("NYC"), is a municipality within the State of New York, which includes New York County.  NYC maintains a police department, the New York City Police Department ("NYPD"), which is an agency of the municipality.

3.     Upon information and belief, Defendant POLICE OFFICER YUBELCA FERNANDEZ, SHIELD 23828, was at all relevant times an officer with the NYPD assigned to the Brooklyn North Task Force.  All actions by FERNANDEZ complained of herein were taken in the course of her employment and under color of law.

1

FERNANDEZ is being sued in both her individual and official capacities.

4.    Upon information and belief, Defendant POLICE OFFICER JOHN DOE ("DOE"), a fictitious name of an unidentified person, was at all relevant times a uniformed officers with the NYPD.  All actions by DOE complained of herein were taken in the course of his employment and under color of law.  DOE is being sued in both his individual and official capacities.

5.    Upon information and belief, Defendant POLICE SERGEANT DOE ("SERGEANT"), a fictitious name of an unidentified person, was at all relevant times a uniformed officers with the NYPD.  All actions by SERGEANT complained of herein were taken in the course of his employment and under color of law.  SERGEANT is being sued in both his individual and official capacities.

6.    Upon information and belief, Defendant PLAINCLOTHES OFFICER DOE ("PLAINCLOTHES"), a fictitious name of an unidentified person, was at all relevant times a non-uniformed officer with the NYPD.  All actions by PLAINCLOTHES complained of herein were taken in the course of his employment and under color of law.  PLAINCLOTHES is being sued in both his individual and official capacities.

7.    Upon information and belief, Defendant SUPERVISING OFFICER DOE ("SUPERVISOR"), a fictitious name of an unidentified person, was at all relevant times a uniformed officer with the NYPD acting in a supervisory capacity.  All actions by SUPERVISOR complained of herein were taken in the course of his employment and under color of law.  SUPERVISOR is being sued in both his individual and official capacities.

8.    Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, <u>et</u>

2

seq., specifically 28 U.S.C. § 1343.

9.      Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

10.     A Notice of Claim was timely served upon NYC on July 18, 2012, within ninety days of May 1, 2012, the statutory date of accrual for the earliest of the claims based upon false arrest and use of excessive force.

11.     The instant action is commenced within one year and ninety days of the date of accrual of all causes of action.

**FACTS GIVING RISE TO THE CLAIMS**

12.     On May 1, 2012, at approximately 11:00 p.m., Plaintiff was lawfully participating in an Occupy Wall Street demonstration in lower Manhattan.

13.     At that time, Mr. Frydman was walking on the sidewalk as directed by members of the New York Police Department.

14.     Mr. Frydman observed Defendant DOE engaged in an altercation with an unknown person.  Mr. Frydman called out loud that someone should get the DOE's badge number.

15.     At that point, DOE charged at Mr. Frydman and began to assault him with his fists and with his baton.

16.     Mr. Frydman, while trying to block the blows from DOE, was thrown to the ground where he was set upon by defendants SERGEANT, PLAINCLOTHES and SUPERVISOR.

17.     After Mr. Frydman was placed in handcuffs, one or more of the defendants DOE, SERGEANT, PLAINCLOTHES and SUPERVISOR pulled his arms high behind his back causing immediate and significant pain.  Mr. Frydman also

suffered bruising to his head and arm.

18.    Mr. Frydman was issued a Desk Appearance Ticket by Defendant FERNANDEZ, who did not participate in the incident on the street, and released after approximately five (5) hours in custody.  Mr. Frydman was charged with a single count of Disorderly Conduct based upon the false allegation that he was improperly blocking pedestrian or vehicular traffic.

19.    Mr. Frydman appeared in Criminal Court on July 12, 2012.

20.    Mr. Frydman was informed that the New York County District Attorney declined to prosecute the case and that all charges were dismissed.

21.    As a result of the physical injury, Mr. Frydman sought medical treatment and was referred to a physical therapist.

22.    After the initial course of therapy did not resolve the pain and diminished range of motion, Mr. Frydman was sent for a shoulder MRI and diagnosed with, *inter alia*, a superior labral anterior-posterior (SLAP) lesion with partial longitudinal biceps tendon tear and mild to moderate rotator cuff tendinosis with down-sloping acromion.

23.    Mr. Frydman continues to experience pain and diminished range of motion to his right shoulder.

**FIRST CLAIM**
(§1983 - FALSE ARREST)

24.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 23 of the Complaint as if incorporated and reiterated herein.

25.     By arresting Plaintiff without legal authority, Defendants FERNANDEZ, DOE, SUPERVISOR, SERGEANT and PLAINCLOTHES, individually and acting together, violated Plaintiff's rights under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

26.     By reason thereof, Defendants FERNANDEZ, DOE, SUPERVISOR, SERGEANT and PLAINCLOTHES, violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

**SECOND CLAIM**
(COMMON LAW - FALSE ARREST)

27.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 26 of the Complaint as if incorporated and reiterated herein.

28.     By arresting Plaintiff without basis or legal authority, Plaintiff was unlawfully detained and arrested without probable cause by FERNANDEZ, DOE, SUPERVISOR, SERGEANT and PLAINCLOTHES.

29.     By reason thereof, FERNANDEZ, DOE, SUPERVISOR, SERGEANT and PLAINCLOTHES caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

5

30.     By reason thereof, and because FERNANDEZ, DOE, SUPERVISOR, SERGEANT and PLAINCLOTHES acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

### THIRD CLAIM
(§1983 -  MALICIOUS PROSECUTION)

31.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 30 of the Complaint as if incorporated and reiterated herein.

32.     By initiating and pursuing a criminal charge where there was no basis for such charge, FERNANDEZ, DOE, SUPERVISOR, SERGEANT and PLAINCLOTHES engaged in a malicious prosecution of the Plaintiff.

33.     By reason thereof, Defendants DOE, SUPERVISOR, SERGEANT and PLAINCLOTHES violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

### FOURTH CLAIM
(COMMON LAW - MALICIOUS PROSECUTION)

34.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 33 of the Complaint as if incorporated and reiterated herein.

35.     By initiating and pursuing a criminal charge where there was no basis for such charge, FERNANDEZ, DOE, SUPERVISOR, SERGEANT and PLAINCLOTHES

6

engaged in a malicious prosecution of the Plaintiff.

36.     By reason thereof, FERNANDEZ, DOE, SUPERVISOR, SERGEANT and PLAINCLOTHES caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

37.     By reason thereof, and because FERNANDEZ, DOE, SUPERVISOR, SERGEANT and PLAINCLOTHES acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## FIFTH CLAIM
(§1983 - EXCESSIVE FORCE)

38.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 37 of the Complaint as if incorporated and reiterated herein.

39.     By using excessive force in placing Plaintiff under arrest, DOE, SUPERVISOR, SERGEANT and PLAINCLOTHES, violated Plaintiff's rights under the Eighth and Fourteenth Amendments of the United States Constitution under color of law. Specifically, the right to be free from the use of excessive force under color of law.

40.     By reason thereof, Defendants DOE, SUPERVISOR, SERGEANT and PLAINCLOTHES violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

**SIXTH CLAIM**
(COMMON LAW - EXCESSIVE FORCE)

41.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 to 40 of the Complaint as if incorporated and reiterated herein.

42.     Defendants DOE, SUPERVISOR, SERGEANT and PLAINCLOTHES used excessive force against Plaintiff in the performance of their police duties.

43.     By reason thereof, Defendants DOE, SUPERVISOR, SERGEANT and PLAINCLOTHES caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

44.     By reason thereof, and because DOE, SUPERVISOR, SERGEANT and PLAINCLOTHES acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

**SEVENTH CLAIM**
(COMMON LAW - ASSAULT)

45.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 44 of the Complaint as if incorporated and reiterated herein.

46.     DOE, SUPERVISOR, SERGEANT and PLAINCLOTHES committed an intentional and violent assault against Plaintiff without legal cause or justification.

47.     By reason thereof, DOE, SUPERVISOR, SERGEANT and PLAINCLOTHES caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

8

48.    By reason thereof, and because DOE, SUPERVISOR, SERGEANT and PLAINCLOTHES acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

**EIGHTH CLAIM**
(§1983 - ASSAULT)

49.    Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 48 of the Complaint as if incorporated and reiterated herein.

50.    While acting under color of law, DOE, SUPERVISOR, SERGEANT and PLAINCLOTHES, committed an intentional and violent assault against Plaintiff without legal cause or justification.

51.    By reason thereof, Defendants DOE, SUPERVISOR, SERGEANT and PLAINCLOTHES caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

52.    By reason thereof, Defendants DOE, SUPERVISOR, SERGEANT and PLAINCLOTHES violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish and the loss of his constitutional rights.

**NINTH CLAIM**
(COMMON LAW - INTENTIONAL INFLICTION
OF EMOTIONAL DISTRESS)

53.    Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 52 of the Complaint as if incorporated and reiterated herein.

54.     By the actions described above, Defendants DOE, SUPERVISOR, SERGEANT and PLAINCLOTHES engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused severe physical injury and emotional distress to Plaintiff.

55.     The acts and conduct of Defendants DOE, SUPERVISOR, SERGEANT and PLAINCLOTHES was the direct and proximate cause of physical injury and damage to Plaintiff.

56.     By reason thereof, Defendants DOE, SUPERVISOR, SERGEANT and PLAINCLOTHES  intentionally caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

57.     By reason thereof, and Defendants DOE, SUPERVISOR, SERGEANT and PLAINCLOTHES acted within the scope of his duties as a member of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## TENTH CLAIM
(MONELL CLAIM)

58.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 57 of the Complaint as if incorporated and reiterated herein.

59.     In response to the Occupy Wall Street demonstrations, NYC and the NYPD instituted a policy and practice of making mass arrests without probable cause and encouraging the use of excessive force in the course of such arrests as a punitive measure designed to discourage participation in these demonstrations.  The high

percentage of dismissals and declinations of prosecution is evidence that the policy was in place.  In addition, there exist numerous videos of police officers, including high ranking officers with decision making authority within the NYPD, using excessive and unwarranted force against peaceful protestors.

60.     These acts by members of the NYPD constituted an intentional violation of the Plaintiff's First Amendment, Fourth Amendment and Eighth Amendment rights under the United States Constitution and were the direct cause of his false arrest, malicious prosecution and injury.

61.     By reason thereof, Defendant CITY has violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish and the loss of her constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i)      On the first claim, actual and punitive damages in an amount to be determined at trial;

ii)     On the second claim, actual and punitive damages in an amount to be determined at trial;

iii)    On the third claim, actual and punitive damages in an amount  to be determined at trial;

iv)     On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v)      On the fifth claim, actual and punitive damages in an amount to be determined at trial;

vi)     On the sixth claim, actual and punitive damages in an amount to be determined at trial;

vii)    On the seventh claim, actual and punitive damages in an amount to be determined at trial;

viii)   On the eighth claim, actual and punitive damages in an amount to be determined at trial;

ix)     On the ninth claim, actual and punitive damages in an amount to be determined at trial;

x)      On the tenth claim, actual and punitive damages in an amount to be determined at trial;

xi)     Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

xii)    Such other relief as the Court deems just and proper.


Dated:      New York, New York
            December 26, 2012

                            Goldberg & Allen, LLP
                            Attorneys for Plaintiff


                    By:     _____
                            Jay K. Goldberg [JG-1294]
                            49 West 37th Street, 7th Floor
                            New York, New York 10018
                            (212) 766-3366

12